No. 17,073.

PEOPLE OF THE STATE OF COLORADO *v.* HOLMES.

(268 P. [2d] 406)

Decided March 15, 1954.

Mr. DUKE W. DUNBAR, Attorney General, for the People.

Mr. BERT M. KEATING, Mr. MAX D. MELVILLE, of counsel.

Mr. IRVING P. ANDREWS, Mr. BEN KLEIN, for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

To a judgment sustaining a motion to quash a one-count criminal information on the ground that it was duplicitous, the Attorney General prosecutes this writ of error.

That part of the information, filed in the district court in the City and County of Denver, February 17, 1953, charging burglary with and without force, is as follows: "Bert M. Keating, District Attorney within and for the Second Judicial District of the State of Colorado, in the name and by the authority of the people of the State of Colorado, informs the court that Conner Holmes on the 10th day of February, in the year of our Lord nineteen hundred and fifty-three, at the City and County of Denver, in the State of Colorado, being lawfully within an apartment of a dwelling house, at 1245 Logan Street, then and there feloniously, burglariously, wilfully, maliciously and forcibly did break and enter, and feloniously, burglariously, wilfully and maliciously without force did enter, an apartment of the said dwelling house at 1245 Logan Street, to-wit, the apartment of Pearl Antista, with intent the moneys, goods and chattels of the said Pearl Antista, in the said dwelling house, then and there being, then and there feloniously and burglariously to steal, take and carry away; contrary to the form of the statute in such case made and provided, against the peace and dignity of the people of the State of Colorado."

February 24, 1953, defendant, with leave, filed motion to quash, the principal ground being, "that the sole count as set forth in said information is duplicitous for the reason that more than one offense is charged in the one count thereof." Upon argument the matter was taken under advisement, and on March 19, 1953, the court

entered its memorandum opinion and judgment, quashing the information and ordering the District Attorney to file an amended information setting forth the charge in two separate counts. The following day a two-count information was filed, and the record before us is silent as to any further proceedings thereafter.

The District Attorney having elected to comply with the order of court by filing the amended information, has, in effect, waived objection to the ruling of the court on the question raised by the motion to quash. Without it being sufficiently disclosed by the record or the briefs filed, we assume that the Attorney General seeks our answer to the legal question posed.

Section 82, chapter 48, volume 2, '35 C.S.A. is as follows: "Every person who shall wilfully, maliciously and forcibly break and enter, or wilfully and maliciously, without force, enter into any dwelling house, whether then occupied or not, kitchen, office, shop, store-house, ware-house, malt-house, stilling-house, banking-house, hotel, saloon, restaurant, mill, pottery, factory, water craft, railroad car, church or meeting-house, or school-house, with intent to commit murder, robbery, rape, mayhem, larceny, or other felony or misdemeanor, or who being lawfully within any room or apartment of any of the buildings aforesaid, shall with like intent, either with or without force, enter into any other room or apartment of the same buildings, shall be deemed guilty of burglary, and, upon conviction thereof, shall be punished by confinement in the penitentiary for a term not less than one year, nor more than ten years." This single statute defines the crime of burglary; sets out the means that may be employed to accomplish the crime; and provides only one penalty for the crime regardless of the manner in which it is achieved. Stated in another way, the statute may be violated in either of the ways mentioned; however, the final result is burglary. The wording of the information above set out, is so plain that the nature of the crime could readily be

understood by defendant, and his rights are not in any manner prejudiced.

It is argued that the two means designated by the statute and set out in the information are repugnant, and that defendant could not be convicted of both; however, the evidence supporting either would still establish the crime designated by the statute.

Two distinct and separate offenses are not joined in the count of the information before us, it does not set out offenses created by different statutes for which different punishments are provided. All that is set out is one transaction for which there is one punishment, and, in effect, is only one offense. In the count, different possible acts that relate to one transaction are set out; are a connected charge thereof; and joinder thereof in one count is permissible. The statute, by the use of the word "or" provides disjunctively the ways of its violation; however, the acts here are so closely related that they may be charged conjunctively in a single count without being duplicitous.

The views herein expressed are supported by our opinion in the case of *Wright v. People*, 116 Colo. 306, 181 P. (2d) 447, and by section 124, page 683, volume 27, American Jurisprudence.

The judgment is reversed.